SAMUEL C. LANDAUER and Another, Plaintiffs, *v.* BARD-PARKER Co., INC., and Others, Defendants.

Supreme Court, New York County, June 25, 1925.

Contracts — contract in restraint of trade — action pursuant to General Business Law, § 340, to restrain defendants from refusing to sell certain patented commodity to plaintiffs — agreement by which defendants consigned goods to agents selected by them who in turn sold products to ultimate consumer not illegal — evidence does not show existence of conspiracy in restraint of trade or agreement between defendants and others to maintain stipulated sale price — complaint dismissed.

An agreement, so-called a " uniform domestic sales agents' contract," by which the defendants consigned a patented commodity to certain agents selected by said defendants, who in turn sold to the ultimate consumer upon a commission basis, remitting the proceeds of the sale, less commissions, to the defendants, is not in violation of section 340 of the General Business Law commonly known as the Donnelly Anti-Trust Law.

Accordingly, plaintiffs' complaint in an action under section 340 of the General Business Law upon the ground that defendants, manufacturers of a patented commodity, have entered into a conspiracy to monopolize the business of trading in said article, should be dismissed, where it appears that there is nothing to indicate that under said sales contract or otherwise, an agreement exists between defendants and others to maintain a stipulated sale price. Moreover, plaintiffs have failed to show the existence of any conspiracy in restraint of trade. The fact that defendants desired to sell the commodity directly to the consumer, violated no rule of law, particularly where defendant company has a monopoly in its product granted by law.

ACTION under section 340 of the General Business Law upon the ground that the defendants have entered into a conspiracy to monopolize the business of trading in a patented article.

*Seligsberg & Lewis* [*Walter N. Seligsberg* and *Clarence M. Lewis* of counsel], for the plaintiffs.

*Alvin C. Cass* and *Frederick B. Bard* [*Charles Wesley Dunn* and *Alvin C. Cass* of counsel], for the defendants.

GLENNON, J.:

This is an action in which an injunction is sought on the ground that defendants have entered into a conspiracy to monopolize the business of trading in a patented product known as the Bard-

Parker Surgical Knife, manufactured by the defendant company. The action is brought under section 340 of the General Business Law (as amd. by Laws of 1921, chap. 712), commonly known as the Donnelly Anti-Trust Law. Plaintiffs assert that the defendants, in pursuance of said conspiracy, have " refused to fill plaintiffs' orders for Bard-Parker knifes and handles," which orders had been previously accepted by defendant corporation; that the said individual defendants have caused the defendant corporation to discriminate against plaintiffs in favor of plaintiffs' competitors; that the said individual defendants have utilized their control of defendant company so as to compel it to refuse to accept further orders from the plaintiffs. The relief asked for is " that defendants and each of them be restrained from refusing to sell Bard-Parker knives to the plaintiffs upon plaintiffs' payment for them in cash," and that the individual defendants be restrained " from inducing and compelling the defendant Bard-Parker Company, Inc., to refuse to sell Bard-Parker knives to plaintiffs." The sufficiency of the complaint is attacked, *first*, upon the ground that the court has no power to compel the defendant corporation to sell its product to the plaintiffs, and, *secondly*, that no facts showing a conspiracy between the corporation and the individual defendants have been alleged or proved. It is admitted that although in the beginning the defendant company sold its products to plaintiffs, it has for some time past refused to sell to them. Since on or about the 28th day of May, 1924, the company has entirely discontinued selling to dealers and now distributes its product through agents under an agreement which is referred to as a " uniform domestic sales agents' contract." Under this system the goods are simply consigned to certain agents selected by defendants, who in turn sell to the ultimate consumer upon a commission basis, remitting the proceeds of the sales, less commissions, to the defendant company. It appears that the defendant company experienced some difficulty in filling all the orders which had been placed with it due to the accumulation of rust on the steel blades, which rendered them more or less useless. This is assigned as a reason, at least in part, why the orders of plaintiffs, which had been accepted by defendant company, were not at once complied with. One of the reasons given by defendant company for discontinuing sales to plaintiffs was that it did not approve of the method by which its product was handled by them. The complaint in this action was sworn to on the 31st day of December, 1923. Since May 28, 1924, the defendant company has been distributing its product under the " uniform domestic sales agents' contract " above referred to. This arrangement has been attacked by plaintiffs as being a cloak for an alleged illegal

restraint of trade and in furtherance of the alleged conspiracy to discriminate against plaintiffs. The system not having been adopted at the time this action was instituted, was not made the basis of any allegation in the complaint. It may be regarded, however, as an evidentiary fact in determining the question whether the defendant company made any unlawful discrimination against the plaintiffs. Among the cases cited in support of the contention that the so-called " uniform domestic sales agents' contract " is an illegal one are the following: *John D. Park & Sons Co.* v. *Hartman* (153 Fed. 24); *Dr. Miles Medical Co.* v. *John D. Park & Sons Co.* (164 id. 803; affd., 220 U. S. 373); *Straus* v. *Victor Talking Machine Co.* (243 id. 490). I am of the opinion that the agreements which were judicially condemned in the several cases referred to can be readily distinguished from the contract between defendants and their agents in the present case. Here, as defendants very properly point out, there are no jobbers or middlemen, as in all of the cases cited as authority by the plaintiffs. The defendant company has a monopoly in its product granted by law and it has a perfect and complete legal right to deal with whom it chooses. If the company desires to sell its product direct to the consumer, it violates no rule of law in attempting to do so. The cases cited by defendants, namely, *United States* v. *Colgate & Co.* (250 U. S. 300), *Federal Trade Commission* v. *Curtis Publishing Co.* (260 id. 568), and *Ford Motor Co.* v. *Benjamin E. Boone, Inc.* (244 Fed. 335), in my opinion, support the conclusion that the contract in question is perfectly legal. I am unable to find in the evidence before me any fact which would support a finding that an agreement existed between defendants and others to maintain a stipulated sales price. In fact the evidence discloses that before the adoption of the so-called " uniform domestic sales agents' contract " the dealers to whom the defendants sold their product were not obligated by any contract had with the defendants to maintain a fixed price upon a resale. On the contrary, it was shown that the said dealers had often sold below the price which was recommended by the defendants as a proper one to be charged the consumer. The plaintiffs have failed to show the existence of any conspiracy in restraint of trade. For the reasons stated, therefore, I must decide in favor of the defendants on the issues in this case. The complaint, accordingly, will be dismissed. Submit proposed findings.